IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LAURA LEE BERNSTEIN,

       **Plaintiff,**

v.                                                                  1:11-cv-3989-WSD

GEORGIA DEPARTMENT
OF EDUCATION et al.,

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [46] ("R&R") on Defendants' Motion for Summary Judgment [34].

**I.   BACKGROUND**

    A.   Procedural History

On November 18, 2011, Plaintiff Laura Lee Bernstein ("Plaintiff") filed this employment discrimination action against her former employer, the Georgia Department of Education (the "Department"), and nineteen individuals employed by the Department (the "Individual Defendants") (collectively, "Defendants"). Plaintiff, a white woman, alleges that she was terminated from her employment

because of her race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

On January 11, 2013, Defendants filed their Motion for Summary Judgment on the grounds that the Individual Defendants are not liable under Title VII, that the record does not support liability of the Department, and that two Individual Defendants—Cathy Cox and Diane Bradford—were not served with process. With their Motion for Summary Judgment, Defendants filed a Statement of Undisputed Material Facts [34-2].

On March 1, 2013, after being granted two extensions of time, Plaintiff filed her opposition to Defendants' Motion for Summary Judgment. Plaintiff did not file a response to Defendants' Statement of Undisputed Material Facts, although she did file a statement of additional material facts. In her memorandum in opposition to the Motion for Summary Judgment, Plaintiff argues that the record is sufficient to show genuine issues of material fact related to her Title VII claims against the Department. Plaintiff did not oppose, or otherwise respond to, Defendants' Motion for Summary Judgment on Plaintiff's claims against the Individual Defendants.

B.      Magistrate Judge's R&R

On July 15, 2013, Magistrate Judge Anand issued his R&R recommending that Defendants' Motion for Summary Judgment be granted.

1.      *Factual Findings*[1]

i.      Plaintiff's Termination

Judge Anand found that Plaintiff, a white woman, first began her employment with the Department in 2005 as a Resource Specialist in the Migrant Education Program ("MEP"), a federally-funded program designed to support comprehensive educational programs for migrant children. In 2007, Plaintiff was promoted to the position of State Comprehensive Needs Assessment Coordinator for MEP, and in 2009, Plaintiff was promoted to Program Director, a high-level position within the Department.

In 2004, Plaintiff created Habersham Immigration and Education Consulting Services, Inc. ("Habersham IECS"), an S-corporation in the business of assisting clients with immigration paperwork and assisting colleges and universities in establishing international offices. Plaintiff was the CEO of Habersham IECS

---

[1] The R&R contains an extensive presentation of the facts established in the record. The parties do not object to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts the facts in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.1993). The relevant factual findings are briefly summarized here.

during the entirety of her employment with the Department.

In May 2010, Plaintiff's supervisors learned of Plaintiff's involvement in Habersham IECS. Because Habersham IECS appeared to provide services to the same population as MEP, Plaintiffs' supervisors placed Plaintiff on paid administrative leave while they investigated whether Plaintiff's involvement with Habersham IECS violated the ethics rules governing state employee conflicts of interest.

During the Department's investigation, Plaintiff met with Department supervisors Erin Elmore, Barbara Lunsford, and Craig Geers. Elmore testified that she perceived Plaintiff's behavior in the meeting as hostile and unprofessional. Lunsford testified that she found Plaintiff to be loud, adversarial, and antagonistic toward her supervisors. Geers, Plaintiff's direct supervisor, perceived Plaintiff's behavior in the meeting as hostile and insubordinate toward him. After the meeting, Elmore, Lunsford, and Geers recommended that Plaintiff be terminated because they believed they could not trust Plaintiff to manage MEP in light of what they perceived to be hostile and insubordinate behavior during their meeting and

what they believed were inconsistent answers regarding Habersham IECP.[2]  The State Board of Education voted to approve Plaintiff's termination.

      ii.  Evidence Regarding Purported Comparators

Plaintiff offered evidence that several non-white Department employees were involved with businesses that Plaintiff asserts potentially created conflicts of interest, and were not terminated.  Included among these purported comparators is Israel Cortez, a Latino manager in the Department who is allegedly engaged in outside charitable activities marketed toward the migrant community.  Plaintiff's supervisor stated that he was aware of Cortez's connections to the charities.[3]

  2.  *Recommendations*

Judge Anand first addressed Defendants' argument that all of the Individual Defendants are entitled to summary judgment because Title VII imposes liability only on an employer, not individual supervisors.  Plaintiff failed to respond to this argument, and Judge Anand found that Plaintiff has abandoned her claims against

---

[2] An example of the inconsistency was Plaintiff's identification of two different individuals as the CFO of Habersham IECP.

[3] Plaintiff described several other purported comparators, none of whom are employed at the high-level manager position that Plaintiff held.

the Individual Defendants and recommends that they be granted summary judgment.[4]

Judge Anand next considered Plaintiff's Title VII claim against the Department. The Magistrate Judge found that Plaintiff's evidence regarding Israel Cortez was sufficient to show a prima facie case of discrimination, under McDonnell Douglas. He also concluded that Plaintiff's claim fails because she failed to present evidence to show that Defendants' stated reason for her termination—Elmore's, Lunsford's, and Geers's perception of Plaintiff's trustworthiness and behavior during their meeting—was pretextual. Judge Anand concluded that the Department is entitled to summary judgment.

Neither party objected to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

---

[4] Judge Anand also addressed Defendants' argument that Individual Defendants Cox and Bradford should be dismissed because Plaintiff failed to serve them with process. Because Plaintiff failed to respond to Defendants' argument regarding service of process on Individual Defendants Cox and Bradford, Judge Anand also found that Cox and Bradford are entitled to summary judgment on this additional basis.

judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

        1.    *Claims Against the Individual Defendants*

Plaintiff does not object to the Magistrate Judge's finding that, having failed to respond to the Individual Defendants' argument regarding their non-liability under Title VII, Plaintiff abandoned her claims against the Individual Defendants and that the Individual Defendants are thus entitled to summary judgment.  The Court does not find any error in these findings.  See, e.g., Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1137 (N.D.Ga.1997)) ("Failure to respond to an opposing party's arguments regarding a claim constitutes abandonment of that claim, and warrants dismissal of the abandoned claim."); see also Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual

employees whose actions would constitute a violation of the Act . . . ."). The Individual Defendants are entitled to summary judgment.[5]

  2. *Claims Against the Department*

Absent direct evidence of discriminatory intent on the part of the employer, the plaintiff in an employment discrimination case must prove intent with circumstantial evidence under the rubric set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Denney v. City of Albany, 247 F.3d 1172, 1182–83 (quoting EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)). This requires the plaintiff's evidence to first establish a prima facie case of discrimination. Id. at 1183. If the plaintiff establishes a prima facie case, the defendant must introduce evidence showing a legitimate, non-discriminatory reason for the challenged employment action. Id. If such a reason is given, the plaintiff must prove that the stated reason is a pretext for unlawful discrimination. Id.

---

[5] The Court also does not find any error in the Magistrate Judge's finding that Individual Defendants Cox and Bradley are entitled to summary judgment because Plaintiff did not respond to Defendants' argument that Cox and Bradley were not served. See, e.g., Welch, 978 F. Supp. at 1137; see also Fed. R. Civ. P. 4(c), (*l*), (m) (requiring plaintiff to serve defendant with process within 120 days and to file proof of service with the court).

The Magistrate Judge found that the Department is entitled to summary judgment because Plaintiff failed to introduce sufficient evidence showing that Defendants' offered legitimate, non-discriminatory reason for the termination—Elmore's, Lunsford's, and Geers's perception of Plaintiff's trustworthiness and behavior during their meeting—was pretextual.  The Court does not find any error in this finding.  See, e.g., Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997) (holding that, to show pretext, plaintiff must "produce evidence sufficient to permit a reasonable factfinder to disbelieve [the defendant's] proffered nondiscriminatory explanation").  The Department is entitled to summary judgment on the Title VII claims asserted by Plaintiff in this action.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [46] is **ADOPTED**, and Defendants' Motion for Summary Judgment [34] is **GRANTED**.

**SO ORDERED** this 4th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE